[No. 5906. Decided January 19, 1906.]

CAPITAL NATIONAL BANK, *Respondent,* v. J. W. ROBINSON, *Appellant.*[1]

BILLS AND NOTES — PAYMENT — WHAT CONSTITUTES — DEPOSIT BY SURETY AS SECURITY FOR JUDGMENT AGAINST PRINCIPAL MAKER—CONTRACTS—CONSTRUCTION. Payment of a promissory note by a joint maker who claimed to have signed as surety only, is not shown where it appears that the surety, after giving notice to the bank of the suretyship, and requesting suit to be instituted against the principal maker, entered into a written agreement with the bank, and with its president acting as a trustee and not in his official capacity, under the terms of which the surety deposited with the trustee a sum sufficient to pay the note and costs of suit, to be held until final judgment against the principal maker, and the bank agreed to at once institute a suit thereon without making the surety a party defendant, the deposit to be returned in case of payment by the principal maker, and the judgment to be assigned to the surety if not paid; it being a prerequisite to the bank's receiving the deposit that it should reduce the claim to judgment; and it being specifically stipulated that the transaction should not be considered a payment of the note, but that the deposit shall be held only as security for any judgment that might be obtained (ROOT, J., dissenting).

1Reported in 83 Pac. 1021.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered April 26, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a promissory note. Affirmed.

*Vance & Mitchell,* for appellant.

*G. C. Israel,* for respondent.

PER CURIAM.—The plaintiff, the Capital National Bank, a corporation, brought this action on a promissory note against the defendant J. W. Robinson. A demurrer was interposed to the complaint, which was overruled; whereupon the defendant made application to have George A. Mottman, who had signed the note sued upon jointly with the defendant, made a defendant in the action, which application was denied. Thereupon the defendant answered, denying certain allegations of the complaint, and averring that the plaintiff was not, at the date of the institution of the suit, and was not then, the owner of said promissory note sued upon; but that said note had been paid in full to the plaintiff, and that such payment was made by George A. Mottman, the party who signed said note jointly with defendant. The reply denied this allegation, and the cause went to trial, and judgment was entered in favor of plaintiff, the respondent here. From such judgment this appeal is taken.

The main contention of the appellant is that a certain written agreement which was offered in evidence, and the testimony in the case, show that the suit had not been commenced by the real party in interest, and that the debt had actually been paid by Mottman to the bank. Prior to the commencement of the action, Mottman, who had signed the note with appellant Robinson, gave notice to the bank, under the provisions of the statute, to forthwith institute action upon said note, alleging that he was a surety upon said note, and the following agreement was entered into between Mottman and the Capital National Bank, by C. J. Lord, its president:

"And Whereas, The said second party is desirous of having said note collected without suit or action against him upon the same; And Whereas, The said second party does not desire to pay the said note or discharge the obligation of himself and the said J. W. Robinson thereon.

"Now, Therefore, For the purpose of enabling the first party to proceed to the collection of said note without the necessity of making the second party a party defendant to an action on said note, the said second party has this day deposited with C. J. Lord, of Olympia, Thurston County, State of Washington, the president of said first party, as trustee for the carrying into effect of this escrow, the sum of seventeen hundred dollars ($1,700) to be by him held and subsequently applied as follows, to wit: The said first party shall within five days commence action against J. W. Robinson individually upon said note and proceed with due diligence to the obtaining of a final judgment upon the same. In the said cause and prosecution of same, aside from principal, interest and costs, attorney's fees shall be asked and allowed not to exceed as follows, to wit; and to be included in said judgment: 1st. If judgment is obtained by default of said J. W. Robinson, attorney's fees not to exceed twenty-five dollars ($25). 2nd. If judgment is obtained after appearance and issue joined by said J. W. Robinson in the superior court, then attorney's fees not to exceed seventy-five dollars ($75). 3rd. If the said J. W. Robinson shall prosecute an appeal to the supreme court from any judgment obtained in the said superior court, then attorney's fees not to exceed one hundred and fifty dollars ($150). In case of appeal the said Capital National Bank agrees to require the sureties on appeal or supersedeas bond in case of a personal bond to justify and be accepted by the trial court and to assign any judgment rendered on appeal, in favor of said Capital National Bank to party of second part or such party as he shall direct.

"The said C. J. Lord as trustee shall deposit such escrow moneys with the said first party in its general funds and have issued unto himself as such trustee a certificate of deposit for the same. Upon the obtaining of a final judgment against the said J. W. Robinson upon the said note, the said C. J. Lord shall pay said first party the amount of said judgment including all costs, and attorney's fees out of the said escrow

money, and if there be any surplus remaining, pay the same to the said second party. In case there be any deficiency between the amount of said judgment and the amount of said escrow deposit, the said second party shall immediately pay the said first party the difference existing between said sums. The first party shall thereupon assign to any person whom said second party may direct, the said judgment. It is mutually agreed and understood by the parties hereto, that the said deposit in escrow is not made in any way as a discharge or in payment of said note, but only as security for the payment of such judgment as may be obtained upon said note. It is further agreed that if the said J. W. Robinson shall at any time satisfy and discharge the said note, pending the said action or any judgment obtained thereon, that the said escrow deposit shall be forthwith returned to said second party. It is further agreed that upon deposit of said escrow money as aforesaid in the settling of the judgment obtained, for the payment of which the sum is deposited as security, that at the time of settlement, irrespective of the amount of interest accrued on said note after action and included in said judgment there shall be deducted from the amount necessary to settle said judgment, an amount equal to eight per cent (8 per cent) of said principal sum of $1,390, from the date of said escrow deposit to the date of such settlement. The first and second parties hereby mutually covenant and agree to and with each other that each will make faithful performance of all promises and agreements herein required on his or its part to be performed.

"In Witness Whereof, All of the said parties have hereunto set their hands and executed the foregoing agreement by their proper officers in duplicate, this 5th day of March, A. D. 1904. Capital National Bank by C. J. Lord, President. Geo. A. Mottman, Second Party, C. J. Lord, Trustee."

The statement of facts is simply a resume of the testimony, which is very brief. It appears that, in accordance with the contract, the money was paid to Lord, as trustee for the bank, Lord paying the money into the general fund of the bank and taking a certificate of deposit for the same. There is testimony in relation to the payment of a docket fee and taking out of a second certificate with that amount deducted, which

does not seem to us to be material. The essential question is whether the conditions of this contract, and the payment into the bank by the trustee Lord, constituted a payment of the note by Mottman. We do not think they did. The fact that the trustee Lord was the president of the bank does not affect the legal status of the transaction. It appears from the agreement, and from the testimony of Lord, that he acted as trustee only, and while the money went into the general fund of the bank, it went there subject to Lord's call, the same as it would have done if it had been deposited by any one else.

Mr. Lord testified, that the certificate was assignable, and that the bank never had any custody or control of the money save such as it obtained by virtue of its being deposited with the bank; that the money so deposited was received by the bank under and pursuant to the terms of a written agreement between himself and Mottman, and that his connection with the transaction was that of an individual acting as trustee, and not as an officer of the bank. There was no testimony tending to dispute this unless it could be gathered from the provisions of the contract, and that the contract was not intended to operate as a payment of the debt is evident from the terms of the contract itself, which provides that it is mutually agreed and understood by the parties hereto that the said deposit in escrow is not made in any way as a discharge or in payment of said note, but only as security for the payment of such judgment as may be obtained on said note.

While it may be true that a statement of this kind might not weigh against the terms of a contract which, as a legal proposition, would constitute payment, yet it may be considered for the purpose of arriving at the intention of the contracting parties by showing what construction they placed upon it. A prerequisite, under this contract, to the bank receiving this deposit as its money was that it should reduce the claim to judgment, and under the terms of the contract

it could not have claimed this money at the hands of the trustee without such an action on its part. There would have been nothing to prevent the holder of this certificate (the deposit and the certificate having constituted the bank and the depositor a debtor and creditor) from presenting it and obtaining the money which he had deposited. The contract was one which the parties had a right to enter into for the purposes therein expressed, and did not, we think, constitute a payment of the debt.

The judgment is affirmed.

ROOT, J. (dissenting) — I feel constrained to dissent. Brushing aside forms, and having regard to substance, it seems to me that Mottman paid the note and was thereafter the only party authorized to maintain an action thereon.